IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

|  |  |
|---|---|
| In re: | Case No. 12-23545-GLT |
| JOHN J. SUSANEK and<br>LOIS A. SUSANEK, | Chapter 13 |
| Debtors. |  |
| RONDA J. WINNECOUR, Chapter 13 Trustee, | Related to Doc. No. 51 |
| Movant, |  |
| v. |  |
| FIRST COMMONWEALTH BANK, |  |
| Respondent. |  |

FILED
SEP 30 2014
CLERK, U.S. BANKRUPTCY COURT
WEST. DIST. OF PENNSYLVANIA

## MEMORANDUM OPINION

This case presents the question of whether a creditor may recover attorneys' fees incurred while preparing a notice of post-petition fees and expenses in compliance with Bankruptcy Rule 3002.1. Ronda J. Winnecour, Esquire, the chapter 13 trustee, objects to a *Notice of Post-Petition Fees, Expenses, and Charges* (the "Notice") filed by First Commonwealth Bank (the "Bank") on February 8, 2013.[1]

### Background

The Debtors filed their voluntary petition for relief under chapter 13 of the Bankruptcy Code on July 12, 2012. The Bank is a secured creditor holding a mortgage lien on the Debtors' primary residence located at 144 Walnut Strand Road in Imperial, Pennsylvania. The Bank timely filed a proof of claim in the amount of $118,264.73. Because the Debtor's

---

[1] *See Trustee's Objection to Notice of Postpetition Mortgage Fees, Expenses and Charges Filed at Claim #13* [Doc. No. 51] (the "Objection").

residence has an estimated value of $145,000, there is no dispute that the Bank's claim is over-secured.[2]

The Bank filed the at-issue Notice on February 8, 2013. The Notice requested attorneys' fees in the amount of $316.90 which were allegedly incurred between July 31, 2012 and October 23, 2012.

The Trustee filed her Objection on January 10, 2014, claiming that the requested fees should be disallowed in their entirety. The Trustee contends that certain fees were incurred more than 180 days prior to the date of the notice. She also challenges the reasonableness and necessity of the fees since the Notice contains no explanation as to the legal services provided.

In response, the Bank argues that it is entitled to collect payment for legal fees incurred in connection with its over-secured claim pursuant to section 506(b) of the Bankruptcy Code.[3] The Bank also provided the Trustee with redacted copies of its legal bills in an attempt to justify the fees requested in the Notice.[4]

The Court held a hearing to consider the Notice, the Objection, and the Response. At the hearing, the Trustee limited her objection to $124 for fees related to the Bank's compliance with Rule 3002.1. She no longer contended that the fees were time-barred. While the Trustee conceded that the requested fees were reasonable, she raised an issue as to whether the Debtors should be required to pay such fees as a matter of principle. She claims that since creditors routinely prepare such notices without the assistance of counsel outside of bankruptcy, they should be held to the same standard in these proceedings.

---

[2] *See* Schedule A to the Debtors' bankruptcy petition [Doc. No. 1].

[3] *See Response of First Commonwealth Bank to the Trustee's Objection to Notice of Postpetition Mortgage Fees, Expenses, and Charges Filed at Claim No. 13* [Doc. No. 55] (the "Response").

[4] Redacted copies of the legal bills were not provided to the Court.

## Discussion

This matter is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2)(A). The Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1334(b). This Memorandum Opinion constitutes the Court's findings of fact and conclusions of law pursuant to Federal Rule of Bankruptcy Procedure 7052. Upon consideration of the Notice, the Trustee's Objection, the Response, and the statements made during the hearing, the matter is now ripe for adjudication.

### A.

Rule 3002.1 of the Federal Rules of Bankruptcy Procedure ("Rule 3002.1") requires lenders to timely report any mortgage payment changes or any post-petition fees, charges, and expenses incurred during the pendency of a bankruptcy action. Rule 3002.1 applies to both claims "secured by a security interest in the debtor's principal residence" and those "provided for under § 1322(b)(5) of the [Bankruptcy] Code in the debtor's plan." Fed. R. Bankr. P. 3002.1(a). With respect to a notice of a mortgage payment change:

> The holder of the claim shall file and serve on the debtor, debtor's counsel, and the trustee a notice of any change in the payment amount, including any change that results from an interest rate or escrow account adjustment, no later than 21 days before a payment in the new amount is due.

Fed. R. Bankr. P. 3002.1(b). With respect to notices of fees, expenses, and charges:

> The holder of the claim shall file and serve on the debtor, debtor's counsel, and the trustee a notice itemizing all fees, expenses, or charges (1) that were incurred in connection with the claim after the bankruptcy case was filed, and (2) that the holder asserts are recoverable against the debtor or against the debtor's principal residence. The notice shall be served within 180 days after the date on which the fees, expenses, or charges are incurred.

Fed. R. Bankr. P. 3002.1(c).

3

Notices under Rule 3002.1 are mandatory. If the creditor seeks to recover postpetition charges or alter the monthly payment or escrow charge, it must file a notice in compliance with the Bankruptcy Rules.

The notices required under Rule 3002.1 are considered to be a supplement to the creditor's proof of claim. Fed. R. Bankr. P. 3002.1(d). Although proofs of claim do not have to be prepared by an attorney, creditors often enlist the assistance of counsel to prepare and file proofs of claim.[5] In this Court's view, the preparation and filing of a proof of claim is not a perfunctory act. Rather, the proper filing of a proof of claim is vital to the protection of a creditor's claim, and there are "serious and far-reaching implications of failing to file a proof of claim correctly." In re Rangel, 408 B.R. 650, 666 (Bankr. S.D.Tex. 2009), *rev'd on other grounds*, In re Velazquez, 680 F.3d 893 (5th Cir. 2011). A claim that is not properly drafted can be stripped of the presumptive validity accorded by Bankruptcy Rule 3001. Rangel, 408 B.R. at 666 (citing In re Gilbreath, 395 B.R. 356, 361-65 (Bankr. S.D. Tex. 2008)). It logically follows that filing a supplement to a proof of claim (such as a notice of post-petition fees), is similarly vital to the protection of a creditor's claim and is not a ministerial act.

Because Rule 3002.1 imposes substantial consequences for creditors that fail to comply, it is reasonable for a creditor to rely upon legal counsel to prepare a claim supplement. Unlike a standard proof of claim, a notice filed under Rule 3002.1 does not constitute *prima facie*

---

[5] Courts are split regarding whether the filing of a proof of claim constitutes a purely ministerial act. *See, e.g.*, In re Madison, 337 B.R. 99 (Bankr. N.D. Miss. 2006) (while the filing of a proof of claim is generally a ministerial act, attorney's fees may be recovered by an over-secured creditor for the preparation and filing of a proof of claim in connection with long-term real estate loans, provided the legal services are necessary and not just ministerial); In re Rangel, 408 B.R. 650 (Bankr. S.D. Tex. 2009), *rev'd on other grounds by* In re Velazquez, 680 F.3d 893 (5th Cir. 2011) (filing of a proof of claim is not a mere ministerial act). *But see* In re Allen, 215 B.R. 503 (Bankr. N.D. Tex. 1997) (holding that the preparation of a proof of claim is a ministerial act); In re Staggie, 255 B.R. 48 (Bankr. D. Idaho 2000) (preparation of a proof of claim is best left to an attorney's staff); In re Banks, 31 B.R. 173 (Bankr. N.D. Ala. 1982) (creditor not entitled to fee for preparation of proof of claim where the filing of such did not require legal training or involve the practice of law).

evidence as to the validity or amount of the claimed charges. Fed. R. Bankr. P. 3002.1(d). Without the benefit of this presumption, the notice is more susceptible to challenge. In addition, Rule 3002.1(i) authorizes a court to impose sanctions for missing or defective information in the notice. If a creditor neglects to supply the information required by Rule 3002.1, the Court may either prohibit the omitted information from being introduced in the case, or it may award other appropriate relief, including expenses and attorney's fees caused by the failure. Fed. R. Bankr. P. 3002.1(i). For these reasons, the Court declines to adopt a *per se* rule prohibiting the allowance of legal fees incurred to prepare a notice under Rule 3002.1.

**B.**

The Court now turns to whether the Bank has demonstrated an entitlement to postpetition fees as an over-secured creditor. Section 506(b) of the Bankruptcy Code provides that:

> To the extent that an allowed secured claim is secured by property the value of which, after any recovery under subsection (c) of this section, is greater than the amount of such claim, there shall be allowed to the holder of such claim, interest on such claim, and any reasonable fees, costs, or charges provided for under the agreement or State statute under which such claim arose.

11 U.S.C. § 506(b). Under Section 506(b), a lender with an allowed secured claim may recover attorneys' fees, costs and charges provided that four conditions are satisfied: (1) the creditor holding the claim is over-secured; (2) the fees, costs and charges are provided for by the agreement, or state statute, under which the creditor's claim arose; and (3) the fees, costs and charges are reasonable. 11 U.S.C § 506(b); In re McGuier, 346 B.R. 151, 158 (Bankr. W.D. Pa. 2006).

Upon review of the facts, the Court finds that the Bank satisfied each of the required elements. The Bank timely filed its proof of claim, and no objection to the claim has

been filed. As a result, the Bank presently holds an allowed secured claim in the amount of $118,264.73. *See* 11 U.S.C. § 502(a). Considering the Debtors estimated their residence to be worth $145,000, there is no dispute that the Bank's claim is over-secured.

The Bank's entitlement to collect legal fees springs directly from its agreements with the Debtors. As set forth in the Mortgage, the Bank may recover attorneys' fees incurred to preserve its claims against the collateral:

> **Attorneys' Fees; Expenses.** . . . Whether or not any court action is involved, and to the extent not prohibited by law, all reasonable expenses Lender incurs that in Lender's opinion are necessary at any time for the protection of its interest or the enforcement of its rights shall become a part of the indebtedness payable on demand and shall bear interest at the Note rate from the date of the expenditure until repaid. Expenses covered by this paragraph include, without limitation . . . Lender's reasonable attorneys' fees and Lender's legal expenses, whether or not there is a lawsuit, including reasonable attorneys' fees and expenses for bankruptcy proceedings . . . .

*See* Mortgage at p. 8, Exhibit A to the Response at p. 18. A similar provision exists in the promissory note executed by the Debtors. *See* Exhibit A to the Response at p. 9.

The Court finds the language of both the note and the mortgage to be clear and unambiguous. The Debtors and the Bank expressly contracted to allow the Bank to recoup any reasonable attorneys' fees it may incur while pursuing its claims, including those in the current bankruptcy proceedings. Under these facts, the Court will not deprive the Bank of the benefit of its bargain. *See* In re Wolfe, 378 B.R. 96, 102 (Bankr. W.D.Pa. 2007) (citing Crawford Central School District v. Commonwealth of Pennsylvania, 888 A.2d 616, 623 (Pa. 2005)) ("When the language of [a] contract is clear and unambiguous, its meaning must be determined solely from the content of the contract itself"); Lindstrom v. Pennswood Village, 612 A.2d 1048, 1051 (Pa. Super. 1992) (citing Warren v. Greenfield, 595 A.2d 1308, 1312 (Pa. Super. 1991)) ("[The] court will not rewrite the contract or give it a construction that conflicts with the plain, ordinary, and

accepted meaning of the words used"); see also Matter of Schlag, 60 B.R. 749 (Bankr. W.D.Pa. 1986).[6]  Since the reasonableness of the fees is not under challenge, the Objection is not well taken and will be overruled.[7]

An appropriate Order will be issued.

Dated: September 29, 2014

GREGORY L. TADDONIO
UNITED STATES BANKRUPTCY JUDGE

---

[6]  Given the explicit language in the mortgage, the Court questions whether the Trustee's position – seeking an outright ban on the collection of attorneys' fees for the preparation of Rule 3002.1 notices – would constitute an impermissible modification of the Bank's rights as the holder of claim secured primarily by the Debtor's principal residence. See 11 U.S.C. §1322(b)(2).

[7]  The Court reviewed the two cases provided by the Trustee (In re Adams, 2012 Bankr. LEXIS 1943 (Bankr. E.D.N.C. May 3, 2012) and In re Baines, 2012 Bankr. LEXIS 2980 (Bankr. M.D.N.C. June 26, 2012), but does not find them to be persuasive as they do not address the implications of Section 506(b) or provide additional legal analysis of Rule 3002.1.